IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DAMON MITCHELL, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 5:23-cv-207 |
| | § | |
| SCHILLI CORPORATION, d/b/a | § | |
| BULK TRANSPORT COMPANY, | § | |
| | § | |
| *Defendant*. | § | |

## DEFENDANT'S NOTICE OF REMOVAL

In accordance with 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Bulk Transport Company East, Inc. ("Defendant") files this *Notice of Removal* of the action commenced in the 288th Judicial District Court, Bexar County, Texas, styled *Damon Mitchell v. Schilli Corporation, d/b/a Bulk Transport Company*, Cause No. 2023CI00605 ("State Court Action"). In support, Defendant shows the following:

### I.
### Timeliness of Removal

Plaintiff Damon Mitchell ("Plaintiff") filed *Plaintiff's Original Petition* ("Petition") against Defendant in the State Court Action on January 10, 2023. *See* Exhibit C. In his *Petition*, Plaintiff seeks damages for alleged violations of the Sabine Pilot exception to Texas' general rule of "at-will" employment. Defendant Bulk Transport Company East, Inc. was served with citation of Plaintiff's *Petition* on January 19, 2023. *See* Exhibit E (Return of Service). As this *Notice of Removal* is being filed within 30 days of the date Defendant appeared and answered in the case, this *Notice of Removal* is timely filed in accordance with 28 U.S.C. § 1446(b). *Esquivel v. LA Carrier*, 2022 U.S. Dist. LEXIS 806 (W.D. Tex. Jan. 4, 2022); *George-Baunchand v. Wells Fargo Home Mortg., Inc.*, 2010

U.S. Dist. LEXIS 132016, 2010 WL 5173004, at *3-4 (S.D. Tex. 2010); *Chambers v. Greentree Servicing, LLC*, 2015 U.S. Dist. LEXIS 104453, 2015 WL 4716596, at *4 (N.D. Tex. 2015).

## II.
## Grounds for Removal

 A. *Diversity.*

Removal of this action to this Court is proper pursuant to 28 U.S.C. Sections 1332, 1441(a) and (b) because there is complete diversity of the parties, and the amount in controversy exceeds $75,000.00 exclusive of interest, costs, and attorneys' fees.

Plaintiff "is a citizen of the State of Texas." *See Pl's Orig. Pet.* at Exhibit C, ¶1. Defendant is a corporation incorporated and headquartered in Missouri. *Id.* at ¶2. A corporation is a citizen of the state in which it is incorporated and the state in which it has its principal place of business. 28 U.S.C. § 1332(c). As a result, Defendant is a citizen of Missouri. Because Plaintiff is a citizen of Texas, and Defendant is not, complete diversity exists. *See* 28 U.S.C. § 1332(a)(1).

The amount in controversy exceeds the sum or value of $75,000.00. *See Pl's Orig. Pet.* at Exhibit C, ¶10; 28 U.S.C. § 1446(c)(2) ("the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy"); *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 888 (5th Cir. 2014) (when the initial pleading demands a specific amount, that sum "is itself dispositive of jurisdiction if the claim is apparently made in good faith.").

 B. *Federal Question.*

This action presents substantial questions of federal law under the United States Department of Transportation ("DOT") "hours of service" regulation. *See Pl's Orig. Pet.* at Exhibit C, ¶7-8; s*ee also* 49 C.F.R. § 395.3 and 49 U.S.C. § 521. As a result, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1331, and removal of this entire cause is therefore proper under 28 U.S.C. Section 1441(c).

### III.
### Defendant's Answer

In accordance with FED. R. CIV. P. 81(c)(2), Defendant filed its answer on February 13, 2023. *See* Exhibit F.

### IV.
### Other Procedural Requirements

Defendant files this *Notice of Removal* in the United States District Court for the Western District of Texas, San Antonio Division, which is the district and division within which the State Court Action was pending. 28 U.S.C. § 1441(a), § 124(a)(2). Immediately following the filing of this *Notice of Removal*, written notice of this filing will be served on Plaintiff's counsel, as required under 28 U.S.C. § 1446(d). Defendant will promptly file a copy of this *Notice of Removal* with the Clerk of the District Court of Bexar County, Texas, where the State Court Action was pending, as required under 28 U.S.C. § 1446(d). By removing the State Court Action to this Court, Defendant expressly reserves, and does not waive, any defenses, objections, or motions under state or federal law. Defendant reserves the right to amend or supplement this *Notice of Removal*.

### V.
### Exhibits

This Notice of Removal is accompanied by the following documents:

Exhibit A   Defendant's Index of Documents Filed in State Court Action.
Exhibit B   State Court Action Docket Sheet
Exhibit C   Plaintiff's Original Petition
Exhibit D   Citation
Exhibit E   Return of Service
Exhibit F   Defendant's Original Answer

### VI.
### Conclusion and Prayer

Having established all of the prerequisites for removal under 28 U.S.C. Sections 1332, 1441, and 1446, Defendant prays that it may affect the removal of the State Court Action to the Western

District of Texas, San Antonio Division, and for any further relief to which the Court finds that Defendant is justly entitled.

    Respectfully submitted,

    **LEWIS BRISBOIS BISGAARD & SMITH LLP**

    _____
    John M. Lynch
    Bar No. 24063968
    Brett Miller
    Bar No. 24123531
    2100 Ross Ave., Suite 2000
    Dallas, Texas 75201
    Phone: (972) 942-5714
    Fax: (214) 722-7111
    John.Lynch@lewisbrisbois.com
    Brett.Miller@lewisbrisbois.com

    **Attorneys for Defendants**

## Certificate of Service

      In accordance with Texas Rule of Civil Procedure 21a, I certify that I served the foregoing document on February 17, 2023, on the following parties *via CM/ECF*:

Dennis L. Richard
Maribel Susil
Law Office of Dennis L. Richard
14255 Blanco Rd.
San Antonio, TX 78216-7718
DennisLRichardLaw@gmail.com
Maribel.Legal@outlook.com

**Attorneys for Plaintiff**

_____
John M. Lynch